IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN B. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-07-540-F |
| ) | |
| EQUIFAX CREDIT INFORMATION ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the court is the Partial Motion to Dismiss of defendant CSC Credit Services, Inc. The motion was filed on May 10, 2007 (doc. no. 7). Plaintiff has responded to the motion by response filed on May 18, 2007 (doc. no. 18).

The motion is filed pursuant to Rule 12(b)(6), Fed.R.Civ.P., and the court applies the usual stringent standard applicable under Rule 12(b)(6).

The motion attacks plaintiff's claims for relief in three respects:

1. CSC asserts that plaintiff's claim for injunctive relief is improper.

2. CSC asserts that plaintiff is not entitled to seek relief under the Oklahoma Consumer Protection Act.

3. CSC asserts that the Oklahoma Deceptive Trade Practices Act does not provide plaintiff with a remedy in the circumstances of this case.

In response, plaintiff concedes that the complaint does not state a claim under the Oklahoma Consumer Protection Act and the Oklahoma Deceptive Trade Practices Act. Thus, the single contested aspect of the motion is CSC's contention that plaintiff's claim for injunctive relief is improper.

It is not completely clear whether CSC asserts only that plaintiff is not entitled to injunctive relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, or whether CSC also asserts that plaintiff is not entitled to injunctive relief on *any* legal basis. However, for present purposes, it is not necessary for the court to guess about that, or to seek clarification from CSC. In support of his claim, plaintiff asserts that CSC reported flatly erroneous information relevant to his credit status and that CSC failed to correct plaintiff's credit report despite repeated requests to do so. At this stage, of course, the court assumes those allegations to be true. On the basis of those allegations, the court is loath to hold that there is no possibility that the court would conclude at a later stage of this case that the court is powerless to compel, by injunction, action which (assuming plaintiff's allegations to be true) CSC should have voluntarily undertaken before this suit was filed.

Accordingly, as to plaintiff's claims under the Oklahoma Consumer Protection Act and the Oklahoma Deceptive Trade Practices Act, the Partial Motion to Dismiss of defendant CSC Credit Services, Inc. is **GRANTED**. The motion is in all other respects **DENIED**.

DATED May 23, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0540p006.wpd